**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEMAR ROGELO WHITE,** | : | **CIVIL ACTION NO. 1:25-CV-2431** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE,** | : | |
| | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

This is an immigration habeas corpus case filed pursuant to 28 U.S.C. § 2241.

Petitioner, Kemar Rogelo White, argues that his detention by United States

Immigration and Customs Enforcement is unconstitutional. The petition will be

dismissed for lack of jurisdiction and failure to exhaust administrative remedies.

**I.      <u>Factual Background & Procedural History</u>**

White is a native and citizen of Jamaica who is being detained by ICE

pending the government's attempt to remove him from the United States. (Doc. 7-3

at 2). He is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based on

a prior criminal conviction in Virginia. (<u>Id.</u>)

One June 23, 2023, White filed a petition for writ of habeas corpus in this

district, asserting that his continued detention without a bond hearing was

unconstitutional under <u>German Santos v. Warden Pike Cnty. Corr. Facility</u>, 965

F.3d 203, 213-14 (3d Cir. 2020). <u>White v. Lowe</u>, No. 1:23-CV-1045, at Doc. 1 (M.D.

Pa. filed June 23, 2023) ["<u>White I</u>"]. The case was initially assigned to United States

District Judge Christopher C. Conner. On September 27, 2023, Judge Conner

denied the petition without prejudice to White's right to file a new petition at a later date, finding that because the detention had not continued for an unreasonable duration and the proceedings to remove him from the United States were progressing at a reasonable pace, the detention did not violate his due process rights. Id. at Docs. 12-13.

White appealed, and on September 12, 2024, the United States Court of Appeals for the Third Circuit vacated the judgment and remanded with instructions to grant the writ of habeas corpus. White v. Warden Pike Cnty. Corr. Facility, No. 23-2872, 2024 WL 4164269, at *1-2 (3d Cir. Sept. 12, 2024). The Third Circuit issued its mandate on November 4, 2024, and the next day Judge Conner reopened the case, granted the writ, and ordered ICE to conduct an individualized bond hearing. White I, at Docs. 18-19.

White filed a motion to enforce the judgment in White I on December 26, 2024, arguing that the bond hearing conducted by ICE pursuant to Judge Conner's order was not sufficiently individualized and therefore violated his right to due process. Id. at Doc. 21. White I was reassigned to the undersigned on January 20, 2025, following Judge Conner's retirement from the court. The court denied the motion to enforce judgment on November 14, 2025, finding that it lacked jurisdiction to grant the motion pursuant to 8 U.S.C. § 1226(e). Id. at Docs. 22-23.

White filed the instant petition on December 16, 2025. (Doc. 1). White asserts that his continued detention since his previous bond hearing violates his constitutional rights. (Id.) Respondent responded to the petition on February 10,

2026, arguing that this court lacks jurisdiction to decide White's petition, that White failed to exhaust administrative remedies, and that his claim fails on its merits. (Doc. 7). White did not file a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

## II.    Discussion

The court finds that it lacks jurisdiction to decide this case for essentially the same reasons it previously found that it lacked jurisdiction to enforce the judgment in White I. The statute governing detention of removable aliens prior to a final order of removal, 8 U.S.C. § 1226, states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). The Third Circuit has repeatedly recognized that this language means what it says: courts may not reverse an administrative decision denying bond in an immigration proceeding. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018); Sylvain v. Att'y Gen. of U.S., 714 F.3d 150, 155 & n.4 (3d Cir. 2013). Here, any habeas corpus relief the court could grant would require the court to either order an immigration judge to conduct a second bond hearing or conduct a second bond hearing on its own. Such a decision would amount to "setting aside" the immigration judge's denial of bond, which is clearly barred by Section 1226(e). See 8 U.S.C. § 1226(e); Borbot, 906 F.3d at 279 (noting that habeas claim seeking second

3

bond hearing where no constitutional defect in first bond hearing is alleged is barred by Section 1226(e)).[1]

Moreover, even if this court had jurisdiction over the petition, dismissal is appropriate for White's failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of

---

[1] The Third Circuit noted in dicta in Borbot that, in the context of Section 1226(a) detention, a petitioner may have a cognizable claim for a second bond hearing when there was some constitutional defect in the first hearing or where "despite an initial bond hearing, detention . . . [has] become unreasonably prolonged, whether by virtue of government delay or some other cause." Borbot, 906 F.3d at 274. Assuming this reasoning can be applied to the Section 1226(c) context and that either one of these claims could be cognizable, White still has not presented a sufficient basis to allege a constitutional violation. First, he does not assert any constitutional defects in his first hearing beyond his conclusory statement that bond was denied on "grounds that were rather generalized." (Doc. 1 at 6). Second, he has been detained for approximately sixteen months since his first bond hearing. To the extent a claim for habeas corpus relief is cognizable based on unreasonably prolonged detention after a first bond hearing, this amount of time would appear to be insufficient to support such a claim. Cf. Borbot, 906 F.3d at 274 (noting that it is unclear "when, if ever" the due process clause requires a second bond hearing).

nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that White's petition should be dismissed for failure to exhaust administrative remedies because he filed his petition before completing the BOP's administrative remedy process. (Doc. 7 at 14). White has not produced any evidence nor advanced any argument to refute this conclusion. Accordingly, it appears based on the record before the court that he has failed to exhaust administrative remedies.

Although some courts in this district have found that a petitioner does not need to exhaust administrative remedies when he seeks to challenge the adequacy of a bond hearing through a motion to enforce an earlier writ of habeas corpus, see, e.g., Luciano-Jimenez v. Doll, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021); Santos v.

Lowe, No. 1:18-CV-1553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020); Guerrero

Sanchez v. Lowe, No. 1:15-2423, 2016 WL 7426129, at *4 (M.D. Pa. Dec. 23, 2016),[2]

such a challenge brought through a new habeas corpus petition like the instant case

is not entitled to excuse exhaustion in this manner. This is a new case raising a

distinct claim for habeas corpus relief; it is not a collateral challenge to White's

previous habeas case. Dismissal for failure to exhaust administrative remedies is

therefore appropriate.[3]

## III.   Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for lack

of jurisdiction and failure to exhaust administrative remedies. An appropriate order

shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 19, 2026

---

[2] As discussed in this court's opinion denying White's motion to enforce in White I, the court disagrees with these courts on an underlying jurisdictional issue and finds that it lacks jurisdiction to review an immigration judge's bond determination through a motion to enforce an earlier writ of habeas corpus. This jurisdictional question, however, is immaterial to this exhaustion issue.

[3] The court does not construe White's petition as challenging his underlying removal proceedings, but to the extent the petition asserts such a claim it is not cognizable. See 8 U.S.C. § 1252 (constraining judicial review of removal orders to certain categories of claims that must be pursued in a United States circuit court of appeals rather than in a district court)